UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LIONEL JOELL,

                                                          Plaintiff,

v.                                                                                       5:24-cv-0686
                                                                                              (FJS/TWD)

CHRISTINE E. WORMUTH, *in her official capacity as Secretary of the Army*,

                                                           Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HANCOCK ESTABROOK, LLP<br>Counsel for Petitioner<br>1800 AXA Tower I<br>100 Madison Street<br>Syracuse, NY 13202 | ROBERT C. WHITAKER, ESQ. |
| OFFICE OF THE UNITED STATES ATTORNEY<br>SYRACUSE<br>Attorney for Defendant<br>P.O. Box 7198<br>100 South Clinton Street<br>Syracuse, NY 13261-7198 | DAVID M. KATZ, ESQ. |

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

# ORDER

**I.    INTRODUCTION**

       Plaintiff Lionel Joell ("Plaintiff") commenced this action challenging a determination by the Army Board of Correction for Military Records ("ABCMR"). *See generally*, Dkt. Nos. 1, 12. Currently before the Court are Plaintiff's Motion to Correct or Supplement the Certified

Administrative Record and to be Declared a Prevailing Party, Dkt. No. 26, and Defendant's letter motion requesting to strike portions of Plaintiff's reply, Dkt. No. 33.

## II.     BACKGROUND

As set forth in his amened complaint, in early March 2014, while deployed to Afghanistan, Plaintiff was the subject of a Sexual Harassment/Assault Response & Prevention ("SHARP") complaint. Dkt. No. 12 at 6.[1] The Army Criminal Investigation Division ("CID") investigated the allegation and Plaintiff was directed to appear before the Commanding General ("CG") for an Article 15. *Id*. at 8-9. Following the Article 15, the CG issued Plaintiff a General Officer Memorandum of Reprimand ("GOMOR") based on the CID investigation. *Id*. at 10.

Plaintiff returned to Fort Drum, New York, to face a Board of Inquiry ("BOI"), a panel of officers to consider evidence and determine whether the alleged misconduct occurred and whether he should remain in the Army. *Id*. at 10-11. The BOI hearings were held on December 16, 2014, and February 2, 2015. *Id*. at 11. Upon completion of the hearings, the BOI determined Plaintiff should be discharged from the Army with a General Discharge. *Id*. at 15. Following the BOI, Plaintiff retained counsel and counsel sent the CG a letter outlining alleged procedural, regulatory, and due process violations that occurred at the BOI. *Id*. On October 2, 2015, Plaintiff was involuntarily discharged by the Army. *Id*. at 17.

Plaintiff petitioned the ABCMR requesting he be reinstated and a new BOI be held. *Id*. The ABCMR gave Plaintiff a copy of information provided by the Army in response to his petition and Plaintiff subsequently submitted a reply. *Id*. On March 21, 2019, the ABCMR issued its decision ("First ABCMR Decision"). *Id*. at 18.

---

[1] Citations to the parties' submissions will refer to the pagination generated by CM/ECF, the Court's electronic filing system.

On June 19, 2020, Plaintiff filed a lawsuit challenging the ABCMR's decision, *Joell v. McCarthy*, 5:20-CV-00689 (FJS/TWD). *Id*. at 2. Defendant Ryan D. McCarthy, in his official capacity as Secretary of the Army, moved to voluntarily remand the First ABCMR Decision for reconsideration. *Id*. The Court granted Defendant's motion to remand on November 23, 2021, and ordered the ABCMR to issue a new decision within 90 days. *Id*. at 2, 20.

The ABCMR issued a new decision on February 18, 2022, ("Second ABCMR Decision"). *Id*. at 20. Plaintiff subsequently commenced the instant action against Defendant Christine E. Wormuth, in her official capacity as Secretary of the Army ("Defendant"), challenging the Second ABCMR Decision, *see generally*, Dkt. No. 1, and amended his complaint on August 12, 2024, *see generally*, Dkt. No. 12. Defendant filed the Certified Administrative Record under seal on September 30, 2024. *See generally*, Dkt. No. 23.

### III. THE INSTANT MOTION

On December 2, 2024, Plaintiff filed a Motion to Correct or Supplement the Administrative Record and to be Declared a Prevailing Party. *See generally*, Dkt. No. 26.[2] Plaintiff argues the administrative record improperly excluded two audio recordings of the BOI hearings. *See* Dkt. No. 26-3 at 8, 11-13. The administrative record contains Plaintiff's first ABCMR petition, which included seven exhibits, however, a portion of one of the exhibits—namely, the audio recordings of the BOI proceeding—was omitted from the administrative record. *Id*. at 8.[3] Plaintiff contends the audio recordings "are the original record of what

---

[2] Plaintiff was granted permission to file the instant motion following a discovery conference on November 18, 2024. *See generally*, Dkt. No. 25.

[3] Plaintiff avers at the November 18, 2024, discovery conference, "Defendant indicated it could not include the BOI audio recordings in the Certified Record because they were not considered by the ABCMR during its decision-making process on remand." Dkt. No. 26-2 at 8 (citing Dkt. No. 26-1 at 2).

occurred at the BOI and conclusively establish the procedural and constitutional errors that form the basis for [Plaintiff's] ABCMR petition and this lawsuit. The Court cannot properly assess a motion for summary judgment by the parties without this key evidence." *Id*. at 12. He further argues "Defendant's failure to consider the audio recordings" in rendering the Second ABCMR Decision "and/or excluding them from the Certified Record is plain legal error," therefore, Plaintiff "should be declared a prevailing party and [be] permitted to subsequently file a motion for payment of costs and attorney's fees." *Id*. at 14 (citations omitted).

Defendant opposed Plaintiff's motion. *See generally*, Dkt. No. 29. In support of her opposition, Defendant submitted a declaration by Joseph M. Masterson, legal advisor to the Army Review Boards Agency. *See generally*, Dkt. No. 29-1. Therein, Masterson affirms:

> I have reviewed the record of proceedings for [Plaintiff]'s initial application to the ABCMR as well as the ABCMR's record of proceedings for its reconsideration of [Plaintiff]'s application on remand. When [Plaintiff] initially applied to the ABCMR, the record indicates he submitted two compact discs. Those discs were considered as a part of the initial proceedings.

*Id*. at 2. Following the ABCMR's issuance of the First Decision and this Court's Order remanding said decision,

> On February 18, 2022, the ABCMR again denied [Plaintiff]'s request for a record correction and issued a record of proceedings explaining the second denial. However, this record of proceedings does not indicate that the ABCMR considered the compact discs that were initially provided to the ABCMR by [Plaintiff] in 2016.

*Id*. Masterson states Army Review Boards Agency personnel subsequently "conducted a reasonably diligent search for the compact discs" Plaintiff submitted in 2016, however, "[t]he discs have not been located." *Id*. Therefore, based on Masterson's "review of the reports of proceeding issued in this case, it appears the ABCMR considered the disc's contents in its 2019 review; however, it did not consider them on remand in 2022." *Id*. at 3.

In Defendant's memorandum of law in opposition to the instant motion, Defendant first avers Plaintiff's motion to correct the record should be denied as Plaintiff has failed to show the audio recordings were considered by the agency decision-maker. *See* Dkt. No. 29 at 8-10. Defendant further argues Plaintiff should not be permitted to supplement the records with the extra-record materials, *i.e.*, the discs/audio recordings, as Plaintiff has failed to demonstrate bad faith or improper behavior on the part of the agency decisionmakers. *See id*. at 10-12. The memorandum indicates the Second ABCMR Decision did not rely on the audio recordings of the BOI proceedings submitted by Plaintiff in support of his initial ABCMR petition; rather, the ABCMR's decision utilized "a forty-page 'Summarization of Testimony' from the Board of Inquiry proceedings," *id*. at 9, and "Plaintiff's own submissions recounting his version of events," *id*. at 11, specifically, "Plaintiff's many rounds of briefing [submitted] throughout the administrative process—which include quotations to what Plaintiff believes are key portions of the discs . . . ." *Id*. at 12. Finally, Defendant contends Plaintiff's request for attorneys' fees should be denied as premature. *See id*. at 12-15.

Plaintiff submitted a reply. *See generally*, Dkt. No. 32.[4] Plaintiff first argues the ABCMR's failure to consider the audio recordings of the BOI, or even attempt to obtain a copy of the audio recordings for consideration, "is prima facie evidence of improper behavior and bad faith sufficient to authorize the Court to correct or supplement the record." *Id*. at 7. He further contends Defendant's opposition to the instant motion failed to address legal authority allowing the Court to correct the record without a showing of bad faith or improper behavior. *See id*. at 8-

---

[4] The undersigned granted Plaintiff's unopposed request for leave to file a reply by Text Order dated January 8, 2025. Dkt. No. 31.

9.[5]  Plaintiff next avers if his motion to supplement or correct the record is granted, such an order by this court would constitute a material alteration of the legal relationship of the parties warranting a declaration that Plaintiff is a prevailing party and, even if the court finds such request is premature, the Court should hold it in abeyance until a final order is issued.  *See id*. at 11-13.

Additionally, Plaintiff's reply argues Defendant's admission the ABCMR lost the compact discs containing the audio recordings of the BOI hearings not only "amplif[ies] the ABCMR's irrational decision-making process" in rendering the Second ABCMR decision, but also "implicates spoilation of evidence . . . ." *Id*. at 14.  Accordingly, Plaintiff contends "an appropriate remedy . . . is for the Court to order that the certified record be supplemented to include Defendant's declaration" of Army Review Boards Agency legal advisor Masterson "and impose an adverse inference that the content of the audio recording is unfavorable to Defendant and contains the improper statements by Army personnel as described in [Plaintiff]'s original ABCMR petition . . . ." *Id*. (citations omitted).  Alternatively, Plaintiff "requests that the Court remand the matter to the ABCMR to obtain a copy of the recording from [Plaintiff]'s attorney, add it to the record and issue a new decision within 30 calendar days." *Id*.

---

[5] Plaintiff's Reply further emphasizes the importance of the audio recordings of the BOI contained on the compact discs.  To that end, Plaintiff avers "[t]he audio recording is the original trial record which unequivocally proves the Army's prosecutor, legal advisor and board members made numerous improper statements and took numerous improper actions during the BOI," therefore, "the audio recording is necessary for the Court to meet the APA's whole review record and to illuminate the record with dispositive evidence of what occurred at the BOI." Dkt. No. 32 at 10.  For a complete statement of Plaintiff's arguments, reference is made to Plaintiff's reply.

6

On January 22, 2025, Defendant filed a letter motion requesting to strike portions of Plaintiff's reply. *See generally*, Dkt. No. 33.[6] More specifically, Defendant requests the reply "be stricken to the extent the papers seek a spoliation finding, relief resulting from the requested finding, the addition of a further declaration to the administrative record, and remand as a remedy." *Id*. at 1. Defendant argues the requests contained in Plaintiff's reply "exceed[] the scope of Plaintiff's initial motion, which runs afoul of the Federal Rules of Civil Procedure insofar as Plaintiff seeks relief not sought in his notice of motion" as well as this District's "Local Rules because Plaintiff[']s request was not the subject of a meet-and-confer session and no motion for such relief has been authorized by this Court." *Id*. (citations omitted).[7]

## IV. LEGAL STANDARDS

### A. Correction and Supplementation of Administrative Records

Under the Administrative Procedure Act ("APA"), a court reviewing agency action "shall review the whole record or those parts of it cited by a party . . . ." 5 U.S.C. § 706. "Courts have consistently held that the term 'the whole record' refers to the full record that was before the agency, meaning the agency decision-maker, at the time of the decision." *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 308 (S.D.N.Y. 2012); *see also*, *e.g.*, *New York v.*

---

[6] By Text Order dated January 22, 2025, the undersigned construed Defendant's letter request to strike portions of Plaintiff's reply as a sur-reply and granted the filing of such letter nunc pro tunc. Dkt. No. 34.

[7] Defendant also argues "Plaintiff has not even established that the spoliation doctrine and any remedies that may flow from it apply in Administrative Procedures Act cases" and his "improper procedure deprives Defendant of the ability to oppose this request formally." Dkt. No. 33 at 2. In any event, Defendant argues "Plaintiff failed to establish the elements of spoliation or the requirements to receive any specific type of relief resulting from the purported spoliation" and Plaintiff's request that a declaration submitted in opposition to his Motion to Supplement or Correct the Record reflects a "misunderstanding regarding record materials" as the declaration at issue "was drafted years after the decision at issue in this case." *Id*. (citations omitted).

7

*United States Env't Prot. Agency*, No. 1:19-CV-1029, 2020 WL 7226523, at *1 (N.D.N.Y. July 1, 2020) (same). "It is, further, settled that deference is due to the agency's judgment as to what constitutes the whole administrative record." *Comprehensive Cmty. Dev. Corp.*, 890 F. Supp. 2d at 309. Therefore, "an agency's designation of the administrative record 'is generally afforded a presumption of regularity.'" *Id*. (quoting *State of Delaware Dep't of Nat. Res. & Env't Control v. U.S. Army Corp of Eng'rs*, 722 F. Supp. 2d 535, 542 (D. Del. 2010)) (additional citation omitted); *see also*, *e.g.*, *Safari Club Int'l v. Jewell*, 111 F. Supp. 3d 1, 4 (D.D.C. 2015) ("The agency enjoys a presumption that it properly designated the administrative record, and the record will not be supplemented absent clear evidence to the contrary.").

"The 'whole administrative record, however, is not necessarily those documents that the *agency* has compiled and submitted as the administrative record.'" *Saget v. Trump*, 375 F. Supp. 3d 280, 340 (E.D.N.Y. 2019) (quoting *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989)) (additional quotations omitted, emphasis in original). Rather, the whole administrative record "includes materials that agency decision-makers directly or indirectly considered." *Nat. Res. Def. Council v. U.S. Dep't of Energy*, 362 F. Supp. 3d 126, 143 (S.D.N.Y. 2019) (citations omitted); *see also Saget*, 375 F. Supp. 3d at 340-41.

"Ultimately, it is the responsibility of the reviewing court to determine the administrative record is complete." *Saget*, 375 F. Supp. 3d at 341 (citing *New York v. United States Dep't of Com.*, 351 F. Supp. 3d 502, 632 (S.D.N.Y.) ("[A]n agency may not *unilaterally* determine what constitutes the Administrative Record . . . . Ultimately, that question is one for the Court.") (internal quotations and citations omitted, emphasis added), *aff'd in part, rev'd in part and remanded sub nom.*, *Dep't of Com. v. New York*, 588 U.S. 752, (2019)); *see also Dopico v. Goldschmidt*, 687 F.2d 644, 654 (2d Cir. 1982) (explaining, an agency's "assurances that they

have submitted the full record will not substitute for the Court's independent consideration of that issue . . . ."). "Requests by a party to put materials before the Court that are outside the administrative record filed by the agency fall into two distinct categories." *Comprehensive Cmty. Dev. Corp.*, 890 F. Supp. 2d at 309 (citing *Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5-6 (D.D.C. 2006)).

Where "materials exist that were actually considered by the agency decision-makers but are not in the record as filed," a Court can order the agency to *correct* the record. *Id*. To rebut the presumption of administrative regularity, a party seeking to correct the record must show that the materials sought to be added were "before the agency decision-maker, not just somewhere within the agency." *New York*, 2020 WL 7226523, at *2 (citing *Comprehensive Cmty. Dev. Corp.*, 890 F. Supp. 2d at 309) (internal quotations and emphasis omitted).

Alternatively, "a party may ask that the court consider extra-record evidence, *i.e.*, evidence that was not necessarily considered by the agency," or *supplement* the record. *Comprehensive Cmty. Dev. Corp.*, 890 F. Supp. 2d at 309. "Courts have delineated several circumstances in which a party may nevertheless include evidence beyond the scope of the designated administrative record." *Saget*, 375 F. Supp. 3d at 341. To be sure, "supplementation of the record as designated by the agency is . . . the exception, not the rule." *New York*, 2020 WL 7226523, at *2 (citing *Comprehensive Cmty. Dev. Corp.*, 890 F. Supp. 2d at 309) (quotations and additional citation omitted); *see also*, *e.g.*, *Rosati v. Mayorkas*, 691 F. Supp. 3d 597, 602 (N.D.N.Y. 2023) ("'[I]n an APA case, a court should only consider materials outside the certified administrative record in special circumstances.'") (citing *Saleh v. Blinken*, 596 F. Supp. 3d 405, 413 (E.D.N.Y. 2022), *aff'd*, No. 22-1168, 2023 WL 5091819 (2d Cir. Aug. 9, 2023)). However,

9

> [a] court may consider extra-record or supplemental evidence when: (1) the agency's designated administrative record is incomplete, and the district court cannot conduct its review in accordance with the APA's "whole record" requirement; (2) when supplemental materials would illuminate a complex record; (3) when the court must look to supplemental materials to evaluate whether the agency failed to consider all relevant factors, ignored an important aspect of the problem, or deviated from established agency practices; and (4) when a plaintiff makes a "strong showing" the Government's decision was in bad faith.

*Saget*, 375 F. Supp. 3d at 341; *see also*, *Borowski v. U.S. Customs & Border Prot.*, 771 F. Supp. 3d 223, 235 (W.D.N.Y. 2025); *AT & T Info. Sys., Inc. v. Gen. Servs. Admin.*, 810 F.2d 1233, 1236 (D.C. Cir. 1987) (explaining "the record may be supplemented to provide, for example, background information or evidence of whether all relevant factors were examined by an agency," however, "[t]he new material should be merely explanatory of the original record and should contain no new rationalizations.") (internal quotations and citations omitted).

## B. Equal Access to Justice Act

Under the Equal Access to Justice Act ("EAJA") courts "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought" against the United States government "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To establish "prevailing party" status, a Plaintiff must demonstrate a "material alteration of the legal relationship of the parties . . . ." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001) (internal quotations and citations omitted).

A Plaintiff seeking such an award of fees must make such an application "within thirty days of final judgment in the action . . . ." 28 U.S.C. § 2412(d)(1)(B). Some courts have held this requirement does not preclude a litigant from seeking "prevailing party" status prior to the

10

entry of a final judgment. *See*, *e.g.*, *McDonald v. Schweiker*, 726 F.2d 311, 314 (7th Cir. 1983) ("The legislative history indicates and the government concedes that the 30-day provision in the Act was meant to establish a deadline, not a starting point.") (citations omitted); *Animal Lovers Volunteer Ass'n, Inc. v. Carlucci*, 867 F.2d 1224, 1225 (9th Cir. 1989) ("The Government is mistaken in its view that fees may not be awarded until appellants win a judgment which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.").

By contrast, in this Circuit, courts have found parties' EAJA applications made prior to entry of a final judgment to be premature. *See*, *e.g.*, *United States v. 27.09 Acres of Land*, 1 F.3d 107, 111 (2d Cir. 1993) ("[I]t appears that no 'final judgment' for EAJA purposes was ever entered in this action," therefore, the party's "EAJA application was . . . premature and the district court lacked jurisdiction to decide it."); *United States v. $65,000 in U.S. Currency*, No. 1:13-CV-0773 (NAM/RFT), 2019 WL 452043, at *4 (N.D.N.Y. Feb. 5, 2019) ("Here, Petitioner's request for attorneys' fees is premature as a 'final judgment' has not yet been entered in the case.") (citing *Barbour v. Colvin*, No. 2:12-CV-0548 (ADS), 2013 WL 7206218, at *1 (E.D.N.Y. Aug. 1, 2013)); *Sparling v. Sullivan*, 785 F. Supp. 312, 318 (N.D.N.Y. 1992). "This does not mean, however, that the court must dismiss this application. Rather it may be [held in abeyance and] treated as if it were filed during the thirty-day period following the final decision." *Sparling*, 785 F. Supp. at 318 (internal quotations and citations omitted).

### C. Requests for Relief

Under Rule 7 of the Federal Rules of Civil Procedure, "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). The motion must "(A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." *Id*. Moreover, under this Court's Local Rules, "[p]rior to making any

11

non-dispositive motion before the assigned Magistrate Judge, the parties must make **good faith efforts among themselves to resolve or reduce all differences relating to the non-dispositive issue**." N.D.N.Y. L.R. 7.1(a)(2) (emphasis in original). "If, after conferring, the parties are unable to arrive at a mutually satisfactory resolution, the party seeking relief must then request a court conference with the assigned Magistrate Judge. **A court conference is a prerequisite to filing a non-dispositive motion before the assigned Magistrate Judge.**" *Id*. (emphasis in original).

## V. ANALYSIS

First, insofar as Plaintiff contends the audio recordings of the BOI hearings must be added to correct the administrative record, he has failed to demonstrate the discs containing the recordings were actually "before the agency decision-maker," *i.e.*, the ABCMR, at the time the Second ABCMR Decision was rendered. *See New York*, 2020 WL 7226523, at *2 (citing *Comprehensive Cmty. Dev. Corp.*, 890 F. Supp. 2d at 309). Indeed, Plaintiff appears to concede in his reply the audio recordings were not so considered. *See*, *e.g.*, Dkt. No. 32 at 6.

However, in special circumstances, a court may assess extra-record information. *See generally*, *Saget*, 375 F. Supp. 3d at 341. As relevant here, consideration of extra-record evidence is appropriate "when supplemental materials would illuminate a complex record . . . ." *Id*.; *see also*, *e.g.*, *AT & T Info. Sys., Inc.*, 810 F.2d at 1236 ("[T[he record may be supplemented to provide, for example, background information . . . ."). As Plaintiff emphasizes, the recordings depict what occurred at the 2014 and 2015 BOI hearings where the alleged procedural and constitutional errors that form the basis of this lawsuit occurred. *See* Dkt. No. 26-3 at 12-13. While Defendant argues "the record already contains a summary of the testimony and proceedings, and Plaintiff's . . . briefing," Dkt. No. 29 at 12, Plaintiff avers the testimony

summary omits statements which this Court will be required to assess on summary judgment, *see* Dkt. No. 32 at 7-8.[8]

Courts have cautioned such supplemental materials may not be used "as a new rationalization either for sustaining or attacking the [a]gency's decision . . . . Rather, a court may consider such materials only to illuminate a complex record and to help the court better understand the issues involved." *Saget*, 375 F. Supp. 3d at 341 (first citing *Ass'n of Pac. Fisheries v. E.P.A.*, 615 F.2d 794, 811 (9th Cir. 1980); then citing *New York*, 351 F. Supp. 3d at 633) (internal quotations omitted); *see also*, *e.g.*, *Env't Def. Fund, Inc. v. Costle*, 657 F.2d 275, 285 (D.C. Cir. 1981) ("The new materials should be merely explanatory of the original record and should contain no new rationalizations."). This limitation is consistent with Plaintiff's proposed use of the BOI audio recordings here, as the audio recordings depict "statements by the Army's prosecutor, legal advisor and board members cited in [Plaintiff]'s ABCMR petition . . . ." Dkt. No. 32 at 10. In other words, Plaintiff merely seeks to admit the audio recordings to demonstrate the events that form the basis of his APA challenge actually occurred.[9]

---

[8] Plaintiff avers the Summarization of Testimony included in the Certified Administrative Record omits, *inter alia*,

> recorded statements in which the Army prosecutor improperly invokes rules of evidence expressly prohibited by Army regulations and falsely accuses [Plaintiff] of crimes for which he was not charged; a BOI board member's statements that he made telephone calls and investigated an issue on his own outside of the BOI proceeding in violation of Army rules; the BOI's impermissible questioning of [Plaintiff] regarding his decision to exercise his constitutional right to decline a law enforcement interrogation; and the BOI legal advisor wrongly permitting and actively participating in all these errors.

Dkt. No. 32 at 8.

[9] The undersigned further notes while Defendant implies Plaintiff's own submissions recounting the events which transpired at the BOI would be sufficient to assess his claims here, Defendant does "not conced[e] Plaintiff's version of the events is factually accurate," rather, Defendant

13

In sum, given the relationship between the statements depicted on the audio recording of the BOI hearings and Plaintiff's claims in the operative pleading, Plaintiff's motion to supplement the Certified Administrative Record must be granted.[10]

With regard to Plaintiff's request to be declared a prevailing party, "[s]ince no final judgment has been entered, plaintiff's application for EAJA fees is premature." *Sparling*, 785 F. Supp. at 318. Accordingly, the Court denies without prejudice Plaintiff's request and directs the parties to proceed on the merits. *See*, *e.g.*, *United States*, 2019 WL 452043, at *4. Finally, insofar as Plaintiff's reply seeks relief beyond that identified in his motion papers, the Court agrees with Defendant that any such request is procedurally improper. Accordingly, Defendant's letter motion to strike that portion of Plaintiff's reply is granted.

## VI. CONCLUSION

Accordingly, it is hereby:

**ORDERED** that Plaintiff's Motion (Dkt. No. 26) to supplement the Certified Administrative Record is **GRANTED** as follows:

---

contends the Second ABCMR Decision "did not turn on a factual dispute about the events underlying Plaintiff's complaints regarding the" BOI hearings. Dkt. No. 29 at 11 n. 2.

[10] In his MOL in Support of the motion, Plaintiff "also requests that the Court's Order require Defendant to have a stenographer prepare a full certified transcript of the recordings for inclusion in the Certified Record so the parties may efficiently cite to the audio recordings in their summary judgment motions." Dkt. No. 26-3 at 12. In response, Defendant states "[i]f this Court orders either a correction or supplementation of the record, Defendant would not object to having the discs transcribed, but Plaintiff should bear the cost of transcription and should also submit the underlying discs." Dkt. No. 29 at 10 n. 1. Because it appears Plaintiff was able to sufficiently identify the relevant portions of the audio recordings in his petition to the Army Review Boards Agency, *see* Certified Record at 000108-000113, the undersigned is unpersuaded the Court should order the audio recordings be transcribed at Defendant's expense.

(1) Defendant is directed to re-review all submissions to the Army Review Boards Agency and produce to the Court the subject compact discs to supplement the Certified Administrative Record by October 30, 2025;

(2) If Defendant still cannot locate the compact discs then Defendant shall file a status report by October 30, 2025, indicating it is unable to locate the discs; and

(3) If Defendant reports it cannot locate the compact discs, then Plaintiff is to file the discs by November 13, 2025; and it is further

**ORDERED** that Plaintiff's request to be declared the prevailing party is **DENIED without prejudice** as premature; and it is further

**ORDERED** that Defendant's letter motion to strike portions of Plaintiff's reply (Dkt. No. 33) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 30, 2025
Syracuse, New York

*[signature]*
Therèse Wiley Dancks
United States Magistrate Judge